# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: ) | **JUDGE RICHARD L. SPEER** |
| ) | |
| James Lee Smithey ) | Case No. 10-3100 |
| ) | |
| Debtor(s) ) | (Related Case: 10-30310) |
| ) | |
| Frost & Co, Inc. nka Frost Mechanical ) | |
| Holdings, Inc., et al. ) | |
| ) | |
| Plaintiff(s) ) | |
| ) | |
| v. ) | |
| ) | |
| James Lee Smithey, et al ) | |
| ) | |
| Defendant(s) ) | |

## DECISION AND ORDER

The Defendant, James Lee Smithey, is before this Court, having filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on January 22, 2010. At the time he filed for bankruptcy relief, the Debtor/Defendant was the sole owner of Frost Roofing, Inc., the co-defendant in this action.

On February 14, 2010, this adversary proceeding was commenced by the Plaintiffs filing a notice of removal in this Court for an action which was pending before the Auglaize County Common Pleas Court, Civil Division, Wapakoneta, Ohio, Case Number 2009-CV-0185. (Doc. No. 1). The action removed to this Court from the state court was grounded in fraud, with the Plaintiffs setting forth the following statement in their notice of removal:

> The State Court Action is a civil proceeding that is directly related to a Chapter 7 bankruptcy case. In the State Court Action, Plaintiff Frost challenges the actions of Defendant/Debtor at a time when both Debtor and Plaintiff John McCormick were co-owners of Frost & Co., Inc., and Debtor was operating the . . . company under a formal employment Agreement.

>Plaintiffs' [sic] allege that Debtor converted and concealed assets of Frost & Co., Inc. by, among other things, initiating "a series" of checks and electronic fund transfers which were payable to Frost Roofing, Inc. (a company owned and controlled by Debtor) and to other persons/entities which were not legitimate corporate obligations of Frost and Co., Inc., all with purpose to deprive Frost of their legal interest in such property and to secret and conceal them from Frost as well as from his personal estate.

In this adversary proceeding, the Defendant, Frost Roofing, Inc., presently has a Motion for Summary Judgment pending before the Court. A central point of the Defendant's Motion for Summary Judgment is based on this argument: "Under the UCC, Plaintiffs cannot bring a claim for conversion because they are each, respectively, the "issuer" of the checks at issue." (Doc. No. 45, at pg. 6). The Court, however, at this time declines to entertain this Motion, and finds that this entire action should be remanded.

## DISCUSSION

Pursuant to 28 U.S.C. § 1452(a), and subject to a couple of limited exceptions, a case brought in state court may be removed to the bankruptcy court so long as a valid jurisdictional basis exists to adjudicate the removed matter under bankruptcy law. Notwithstanding, even though an action is properly removed, nothing requires that a bankruptcy court actually hear and determine the removed matter. Under 28 U.S.C. § 1452(b), it is provided that the "court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." In this matter, equitable grounds exist to remand this case.

By its use of the standard "on any equitable ground," 28 U.S.C. § 1452(b) confers on the bankruptcy courts a broad degree of authority and discretion in determining whether remand is proper. *In re Cedar Funding, Inc.*, 419 B.R. 807, 817 (9th Cir. B.A.P. 2009). Such authority and discretion allows the bankruptcy court to remand an action *sua sponte*. *In re Ramada Inn-Paragould General Partnership*, 137 B.R. 31, 33 (Bankr. E.D. Ark. 1992).

**Frost & Co, Inc. nka Frost Mechanical Holdings, et al. v. James Lee Smithey, et al.**
**Case No. 10-3100**

Section 1452(b), and its counterpart 1334(c), governing abstention, evince a strong congressional policy that certain matters should be heard and tried in state court, particularly where the action sought to be heard in the bankruptcy court does not retain a strong nexus to the bankruptcy case. *See Roddam v. Metro Loans, Inc.*, 193 B.R. 971, 976 (N.D.Ala.1996). In this regard, it has been held that "absent countervailing circumstance, the trial of state law created issues and rights should be allowed to proceed in state court, at least where there is no basis for federal jurisdiction independent of section 1334(b) and the litigation can be timely completed in state court." *Patterson v. Morris*, 337 B.R. 82, 96 (E.D.La.2006). Resultantly, a strong consideration in favor of remand is dependent on whether the removed action is a core proceeding. *Shiboleth v. Yerushalmi*, 412 B.R. 113, 117 (S.D.N.Y.2009)

A core proceeding may be generally defined as "a proceeding that invokes a substantive right provided by the Bankruptcy Code or is a proceeding that by its nature could only arise in the context of a bankruptcy case." *Halper v. Halper*, 164 F.3d 830, 836 (3rd Cir.1999). Under 28 U.S.C. § 157(b)(2), a nonexclusive list of 16 categories of proceedings are deemed to be core proceedings. These categories include matters concerning the administration of the estate, matters concerning the allowance and disallowance of claims against the estate and actions to determine the dischargeability of a particular debt.

Nothing, however, indicates that the Plaintiffs' action against the Defendant/Debtor, James Smithey, and the co-defendant, Frost Roofing Inc., qualifies as a core proceeding or otherwise has a strong nexus to the Debtor's bankruptcy case. To the contrary, the co-defendant, Frost Roofing Inc., specifically maintained in a filing with the Court that this action against it is a "non-core proceeding." (Doc. No. 9). Moreover, as it regards the Debtor/Defendant, James Smithey, this action has none of the attributes of a core proceeding.

To begin with, this proceeding is not necessary to the claims determination process because earlier, during the administration of the Debtor's bankruptcy case, the Plaintiffs agreed to the compromise of their claims. Similarly, the adjudication of this adversary proceeding will not impact

Page 3

Frost & Co, Inc. nka Frost Mechanical Holdings, et al. v. James Lee Smithey, et al.
Case No. 10-3100

the Debtor's bankruptcy estate, with the Trustee having recently filed his final report, thereby placing the Debtor's case in a position to be soon administratively closed. Further supporting the remand of this adversary proceeding are these additional considerations.

First, state law predominates, with the substantive causes of action underlying this adversary proceeding being based entirely on state law. *AEG Liquidation Trust v. Toobro (In re Am. Equities Group, Inc.)*, 460 B.R. 123 (Bankr.S.D.N.Y.2011) (considerations bearing on remand include the extent to which issues of state law predominate; the difficulty or unsettled nature of the applicable state law; comity; and the degree of relatedness or remoteness of the proceeding to the main bankruptcy case).

Second, still pending before this Court, and ready for adjudication, is the complaint brought by the Plaintiffs to have a dischargeability determination made against the Debtor/Defendant. Importantly, for this purpose, both the instant adversary proceeding and the Plaintiffs' complaint to determine dischargeability involve almost identical allegations, with these allegations being based on the Debtor's alleged fraud. As a result, with substance of the dispute between the Parties being capable of being heard by this Court in another adversary proceeding, little prejudice, if any, will befall the Parties if this particular adversary proceeding is remanded. *Walter v. Freeway Foods of Greensboro, Inc. (In re Freeway Foods of Greensboro, Inc.)*, 449 B.R. 860, 888 (Bankr.M.D.N.C.2011) (when determining whether a case should be remanded, a court should consider the possibility of prejudice to other parties in the action).

Finally, supporting the remand of this case is the fact that, as observed by this Court in a previous decision, this bankruptcy case is essentially a dispute between two parties: the Debtor and the Plaintiff, John McCormick. *In re Smithey*, Slip Copy, 2011 WL 3102308 (Bankr. N.D.Ohio 2011). Such a use of the bankruptcy process, however, does not comport with the function the bankruptcy laws of the United States were meant to serve – that of marshaling and consolidating a debtor's assets into a broadly defined estate from which, in an equitable and orderly process, the

debtor's unsatisfied obligations to creditors are paid to the extent possible. *Andrews v. Riggs Nat'l Bank of Wash., D.C. (In re Andrews)*, 80 F.3d 906, 909-10 (4th Cir.1996).

In sum, for the reasons set forth herein, the Court finds that this adversary proceeding should be remanded. It is therefore

**ORDERED** that, pursuant to 28 U.S.C. § 1452(b), this case is hereby Remanded to the Auglaize County Common Pleas Court, Civil Division, Wapakoneta, Ohio, Case Number 2009-CV-0185.

Dated: February 16, 2012

_____
Richard L. Speer
United States
Bankruptcy Judge

# CERTIFICATE OF SERVICE

Copies were mailed this 16th day of February, 2012 to:

Bruce C French
PO Box 839
Lima, OH 45802

Dick Nagel Electric, Inc.
9 Broadway
Wapakoneta, OH 45895

Frost & Co, Inc.
nka Frost Mechanical Holdings, Inc.
9 Broadway Street
Wapakoneta, OH 45895

Frost Mechanical, Inc.
9 Broadway
Wapakoneta, OH 45895

John McCormick
9 Broadway
Wapakoneta, OH 45895

Quentin M Derryberry, II
PO Box 2056
103 South Blackhoof St, #200
Wapakoneta, OH 45895

Derek A Younkman
101 N. Elizabeth Street
Suite 607
Lima, OH 45801

James Lee Smithey
16260 Nottingham Dr
Wapakoneta, OH 45895

Randy Lee Reeves
973 W North St
Lima, OH 45805

Frost Roofing, Inc.
2 Broadway
Wapakoneta, OH 45895

Joshua Koltak
100 S Main Ave, #300
Sidney, OH 45365

Michael A Staudt
100 S Main Ave, #300
Sidney, OH 45365

/s/Diana Hernandez
Deputy Clerk US Bankruptcy Court